IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HORIZON THERAPEUTICS USA INC. and HORIZON THERAPEUTICS IRELAND DAC, <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, LTD., and DR. REDDY'S LABORATORIES, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )    C.A. No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Horizon Therapeutics USA Inc. and Horizon Therapeutics Ireland DAC (collectively "Plaintiffs"), by their undersigned attorneys, hereby file this complaint for patent infringement against Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "Defendants") and, in support thereof, alleges as follows:

### NATURE OF THE ACTION

1.      This is a civil action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising from Defendants' filing of an Abbreviated New Drug Application ("ANDA") No. 218035 with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture, market, and sell a generic version of Horizon's pharmaceutical product RAYOS®, prior to the expiration of Plaintiffs' U.S. Patent No. 9,504,699 (the "'699 patent") which covers *inter alia* RAYOS® and/or its use.  A true and accurate copy of the '699 patent is attached to this complaint as Exhibit A.

**THE PARTIES**

2. Plaintiff Horizon Therapeutics USA Inc. ("Horizon") is a publicly traded corporation organized and existing under the laws of Delaware with its principal place of business at 1 Horizon Way, Deerfield, Illinois 60015.

3. Plaintiff Horizon Therapeutics Ireland DAC is a corporation organized and existing under the laws of Ireland, with a principal place of business at 70 St. Stephen's Green, Dublin 2, D02 E2X4, Ireland.  Horizon Therapeutics Ireland DAC is the assignee and licensor of the '699 patent.

4. On information and belief, Defendant Dr. Reddy's Laboratories Ltd. is a company organized and existing under the laws of India.  The company's registered corporate office in India is located at the offices of 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500 034, India.  On information and belief, Dr. Reddy's Laboratories, Ltd. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

5. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 107 College Road East, Princeton, New Jersey 08540.  On information and belief, Dr. Reddy's Laboratories, Inc. is in the business of making and selling generic pharmaceutical products, which it distributes in the State of Delaware and throughout the United States.

6. On information and belief, Defendant Dr. Reddy's Laboratories, Inc. is a wholly owned subsidiary of Defendant Dr. Reddy's Laboratories, Ltd.

7. On information and belief, Dr. Reddy's Laboratories, Ltd. is the applicant for ANDA No. 218035 ("DRL ANDA").

8. On information and belief, Dr. Reddy's Laboratories, Inc. acted as Dr. Reddy's Laboratories, Ltd. agent with respect to submitting the DRL ANDA to the FDA.

9. On information and belief, following any FDA approval of the DRL ANDA, Defendants will act in concert to distribute and sell a generic version of prednisone delayed release tablets ("DRL Product") throughout the United States, including within Delaware.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over both Defendants because both Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. are ANDA submitters under § 271(e)(2). *See In re Rosuvastatin Calcium Pat. Litig.*, 703 F.3d 511, 528-29 (Fed. Cir. 2012); *see also Novartis Pharms. Corp. v. Handa Neuroscience, LLC*, No. CV 21-645-LPS, 2022 WL 610771, at *4 (D. Del. Mar. 1, 2022) ("An entity, however, need not sign, prepare, or file an NDA to be a 'submitter.' Rather, an entity may also 'submit' an NDA if it participates in the preparation of the NDA and stands to benefit from the FDA's approval of the application.") (citations omitted); *Cephalon, Inc. v. Watson Pharms., Inc.*, 629 F. Supp. 2d 338, 349 (D. Del. 2009) ("Parties 'actively involved' in preparing the ANDA are deemed to have 'submit[ted]' the ANDA, regardless of whether they are the named applicant; this is especially true where the parties involved are in the same corporate family."); *Helsinn Healthcare S.A. v. Hospira, Inc.*, No. CV 15-2077 (MLC), 2016 WL 1338601, at *7 (D.N.J. Apr. 5, 2016) ("ANDA filings establish a substantial connection with a forum state and the ANDA filer because they predict the filer's activities within the state, *i.e.*,

the manufacturing or marketing a generic product."). Here, Dr. Reddy's Laboratories, Ltd is the applicant for the DRL ANDA and Dr. Reddy's Laboratories, Inc. is its U.S. agent with respect to the DRL ANDA, which evidences their intention to participate in marketing of the proposed generic product in Delaware following approval, and both Defendants intend to benefit directly from the filing of the ANDA.

12.     This Court has personal jurisdiction over Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.  Upon information and belief, Defendants are engaged in developing, manufacturing, marketing, importing, selling, and distributing a broad range of generic pharmaceutical products throughout the United States, including in Delaware.

13.     Alternatively, if the exercise of personal jurisdiction over Dr. Reddy's Laboratories, Ltd. in this Court is not held to be proper, then, upon information and belief, Dr. Reddy's Laboratories, Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and therefore personal jurisdiction over Dr. Reddy's Laboratories, Ltd. in this Court is proper pursuant to Fed. R. Civ. P. 4(k)(2).

14.     Both Defendants have previously consented to personal jurisdiction in this Court and took advantage of the rights and protections provided by this Court, including having asserted counterclaims in this jurisdiction (*see e.g.*, *Novartis Pharms. Corp. v. Dr. Reddy's Laboratories, Inc.*, C.A. No. 19-02053 (D. Del. Oct. 29, 2019); *Merck Sharp & Dohme Corp. v. Dr. Reddy's Laboratories, Inc.*, C.A. No. 20-00847 (D. Del. June 24, 2020); *Novo Nordisk Inc. et al v. Dr. Reddy's Laboratories Ltd. et al*, C.A. No. 22-00298 (D. Del. Mar. 4, 2022)).

15.     On information and belief, Defendants intend to sell, offer to sell, use, and/or engage in the commercial manufacture of the DRL Product, directly or indirectly, throughout the United States and in the District of Delaware.  The filing of the DRL ANDA is tightly tied, in

purpose and planned effect, to the deliberate making of sales in Delaware, and reliably indicates that Defendants plan to engage in the marketing of the DRL Product in this Delaware.

16.    Because RAYOS® is marketed, sold, and distributed throughout the United States, including in the State of Delaware, the injury, and consequences of the filing of the DRL ANDA, challenging Plaintiffs' patent rights, are suffered in Delaware.  Upon information and belief, Defendants knew that they were deliberately challenging intellectual property held in Delaware and that the effects of any successful challenge of the '699 patent would be felt by Plaintiffs in Delaware.

17.    Upon information and belief, if the DRL ANDA is approved, Defendants will directly or indirectly market and/or sell the DRL Product within the United States, including in Delaware, consistent with Defendants' practices for the marketing and distribution of other pharmaceutical products on its own or through its affiliates.  Upon information and belief, Defendants and/or its affiliates regularly do business in Delaware, and their practices with other pharmaceutical products have involved the distribution of Defendants' products, directly or indirectly, throughout the United States, including in Delaware.  Upon information and belief, Defendants' pharmaceutical products are used and/or consumed within and throughout the United States, including Delaware.

18.    Upon information and belief, if the DRL ANDA is approved, the DRL Product, under the direction and control of physicians practicing in Delaware, will be administered to patients in Delaware.  These activities, as well as Defendants' marketing, sale, and/or distribution of the DRL Product, would have a substantial effect within Delaware and would constitute infringement of the '699 patent if the DRL ANDA is approved before the '699 patent expires.

19. For the reasons described above, among others, the filing of the DRL ANDA was suit-related conduct with a substantial connection to Delaware and this District, the exercise of personal jurisdiction over Defendants does not offend traditional notions of fair play and substantial justice, and this Court may properly exercise personal jurisdiction over Defendants.

20. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Dr. Reddy's Laboratories, Inc. has participated in acts of infringement in this district, including preparation and filing of the DRL ANDA.

21. Upon further information and belief, venue is also proper in this judicial district under 28 U.S.C. §§ 1391(c)(3) and 1400(b) because Dr. Reddy's Laboratories, Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district that has personal jurisdiction, including this judicial district.

## FACTUAL BACKGROUND

### I. THE ASSERTED PATENT

#### A. U.S. Patent No. 9,504,699

22. The '699 patent, entitled "Delayed-release glucocorticoid treatment of rheumatoid disease," issued on November 29, 2016, naming Achim Schaeffler as the sole inventor. The '699 patent expires on August 3, 2027.

23. Horizon Therapeutics Ireland DAC owns by assignment the entire right, title, and interest in and to the '699 patent.

### II. RAYOS®

24. Horizon Therapeutics USA Inc. is the approved holder of the New Drug Application No. 202020 (the "RAYOS® NDA") for prednisone delayed release tablets in 1 mg, 2 mg, and 5 mg dosage strengths, which are sold by Horizon Therapeutics USA, Inc. under the trade

name RAYOS®.  RAYOS® tablets are currently approved for use as an anti-inflammatory or immunosuppressive agent for certain allergic, dermatologic, gastrointestinal, hematologic, ophthalmologic, nervous system, renal respiratory, rheumatologic, specific infectious diseases or conditions and organ transplantation; for the treatment of certain endocrine conditions; and for palliation of certain neoplastic conditions.

25.    The FDA's database on Approved Drug Products with Therapeutic Equivalence Evaluations, or the "Orange Book," lists the '699 patent for the RAYOS® drug product.  More specifically, the '699 patent is listed for 5 mg strength RAYOS® tablets.

### III.    DEFENDANTS' ANDA

26.    On information and belief, Defendants submitted ANDA No. 218035 to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market prednisone delayed release tablets for 5 mg dosage strength.  On information and belief, the DRL ANDA is seeking approval to market the DRL Products as an anti-inflammatory or immunosuppressive agent for certain allergic, dermatologic, gastrointestinal, hematologic, ophthalmologic, nervous system, renal respiratory, rheumatologic, specific infectious diseases or conditions and organ transplantation; for the treatment of certain endocrine conditions; and for palliation of certain neoplastic conditions.

27.    On information and belief, the DRL ANDA refers to and relies upon the RAYOS® NDA for bioavailability and/or bioequivalence data from studies on prednisone delayed release tablets.

28.    Horizon has received from Defendants a Notice Letter, dated April 26, 2023 (the "Notice Letter"), stating that Defendants have included a certification in the DRL ANDA pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the '699 patent will not be infringed by the commercial manufacture, use or sale of the DRL Products (the "Paragraph IV Certification").

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,504,699**
**(INFRINGEMENT UNDER 35 U.S.C. § 271(e)(2) AND 35 U.S.C, §§ 271(b) AND/OR (c))**

29.     Plaintiffs hereby reallege and incorporate by reference the allegations of paragraphs 1-28 of this Complaint.

30.     Defendants have infringed the '699 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting the DRL ANDA, by which Defendants seek approval from the FDA to engage in the commercial manufacture, use, offer to sell, sale, or importation of the DRL Products in 5 mg strength prior to the expiration of the '699 patent.

31.     Upon information and belief, Defendants intend to engage in the commercial manufacture, use, offer to sell, sale, marketing, distribution, and/or importation of the DRL Product and the proposed labeling therefor immediately and imminently upon the approval of the DRL ANDA and any amendments thereto, i.e., prior to the expiration of the '699 patent.  Thus, Defendants are actively or imminently about to infringe and/or induce infringement of the '699 patent under 35 U.S.C. § 271(b) and/or (c) by causing the direct infringement of at least claim 1 of the '699 patent.

32.     Upon information and belief, physicians, health care providers, and/or patients using the DRL Product in accordance with the instructions and/or label provided by Defendants are actively or imminently about to directly infringe, literally and/or through the doctrine of equivalents, at least claim 1 of the '699 patent under 35 U.S.C. § 271(a).

33.     Upon information and belief, Defendants know and intend that physicians, health care providers, and/or patients use the DRL Product in accordance with the instructions and/or label provided by the '699 patent with the requisite intent and/or knowledge under 35 U.S.C. § 271(b) and/or (c).

34.      This action is being filed within 45 days of receipt by Plaintiffs of the Notice Letter dated April 26, 2023, which purportedly advised Plaintiffs of Defendants' Paragraph IV Certification with respect to the '699 patent.

35.      Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of the DRL ANDA be a date that is not earlier than the expiration of the '699 patent, or any later expiration of exclusivity for the '699 patent to which they become entitled.

36.      Plaintiffs will be substantially and irreparably harmed if Defendants are not enjoined from infringing or actively inducing or contributing to infringement of the '699 patent.

37.      Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A judgment that Defendants have infringed the '699 patent and/or will infringe, actively induce infringement of, and/or contribute to infringement by others of the '699 patent;

B.      A judgment ordering that, under 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of the DRL ANDA and/or the DRL Product subject to the DRL ANDA shall not be earlier than the expiration of the '699 patent including any extensions, adjustments, and exclusivities;

C.      A judgment, pursuant to 35 U.S.C. § 271(e)(4)(B), permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with any of them, from manufacturing, using, offering to sell, or selling the DRL Product within the United States, importing the DRL Product into the United States, and/or

inducing or contributing to any of the foregoing prior to the expiration of the '699 patent, including any extensions, adjustments, and exclusivities;

D.      If Defendants commercially manufacture, use, offer to sell, or sell the DRL Product within the United States, or import the DRL Product into the United States, prior to the expiration of the '699 patent, including any extensions, adjustments, and exclusivities, a judgment awarding Plaintiffs monetary relief, together with interest;

E.      An award of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

F.      An award of costs and expenses in this action; and

G.      Such other relief as the Court deems just and proper.

<table>
<tr><td></td><td>/s/ Nathan R. Hoeschen</td></tr>
</table>

|  |  |
|---|---|
|  | Karen E. Keller (No. 4489) |
|  | Nathan R. Hoeschen (No. 6232) |
|  | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Sanya Sukduang | 1105 North Market Street, 12th Floor |
| Jonathan Davies | Wilmington, DE 19801 |
| COOLEY LLP | (302) 298-0700 |
| 1299 Pennsylvania Avenue, NW | kkeller@shawkeller.com |
| Suite 700 | nhoeschen@shawkeller.com |
| Washington, DC 20004-2400 | *Attorneys for Plaintiffs Horizon Therapeutics* |
| (202) 842-7800 | *USA, Inc. & Horizon Therapeutics Ireland DAC* |

Daniel Knauss
Kyung Taeck Minn
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

Dated: June 7, 2023